**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TALIV ALI,

                         Plaintiff,

    v.                                No. 08-CV-974
                                          (TJM/DRH)

BRIAN FISCHER, Commissioner, Dept. of
Correctional Services; RICHARD ROY,
Inspector Gen., Dept. of Correctional
Services; VERN FONDA, Dir. of I.G., Dept.
of Correctional Services; ROBERT K.
WOOD, Superintendent, Upstate
Correctional Facility; and STATE OF NEW
YORK;

                        Defendants.

---

**APPEARANCES:**                             **OF COUNSEL:**

TALIV ALI
Plaintiff Pro Se
94-A-8303
Green Haven Correctional Facility
Post Office Box 4000
Stormville, New York 12582

HON. ANDREW M. CUOMO           JUSTIN C. LEVIN, ESQ.
Attorney General for the              Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Taliv Ali ("Ali"), an inmate currently in the custody of the New York State

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, five DOCS employees and the State of New York, violated his constitutional rights under the Fourteenth Amendment.  Compl. (Docket No. 1). Presently pending are defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket Nos. 17, 24. Ali failed to respond to the motion.[2]  For the following reasons, it is recommended that defendants' motion be granted.

### I. Background

The facts are related herein in the light most favorable to Ali as the non-moving party.  See subsection II(A) infra.

On May 20, 2000, Ali was transferred to Green Haven Correctional Facility ("Green Haven").  Compl. at II(D).  Two bags of Ali's legal materials, were lost during transit. Id. Due to prior grievances Ali had filed regarding the failure to provide him with food, Clark, a non-party, intentionally disposed of the bags.  Id.  As a result, certain of Ali's pending state and federal cases have been dismissed for insufficient evidence.  Id. at III.  This action followed.

### II. Discussion

In his complaint, Ali alleges that defendants violated his due process rights by losing his property and failing to investigate the disappearance.  Additionally, liberally construing Ali's

---

[2] By an Order dated March 24, 2009, Ali was granted sua sponte an extension of time, until April 27, 2009, to file an opposition to defendants motion.  Docket No. 21.  That Order was apparently received by Ali.  Docket No. 22.  A second extension to June 30, 2009 was also granted.  Text Order entered 6/1/2009.  No opposition was filed.

2

complaint, he asserts that his First Amendment rights were violated when Clark interfered with his access to the courts by destroying his property in retaliation for Ali filing previous grievances.[3] Defendants move to dismiss on the grounds that (1) Ali has failed to allege the personal involvement of any individual defendant, (2) Ali's contentions are meritless, (3) the Eleventh Amendment bars recovery against the defendants in their official capacities and the State of New York, and (4) the individual defendants are entitled to qualified immunity.

### A. Legal Standard

Rule 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, a complaint containing conclusory allegations without factual support fails to meet even the liberal standard of Rule 12(b)(6). De Jesus v. Sears, Roebuck & Co. 87 F.3d 65, 70 (2d Cir. 1996). Thus, dismissal is only warranted if it appears, beyond a reasonable doubt, that the non-moving party cannot prove a set of facts which would support his or her claim or entitle him or her to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Harris v. City of N.Y., 186 F.3d 243, 247 (2d Cir. 1999).

When, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471,

---

[3] As to any First Amendment claims against Clark, he is not a party to this action and those claims are thus beyond the scope of this action. See Bourdon v. Loughren, 386 F.3d 88, 92 (2d Cir. 2004). As such, they will not be addressed herein.

3

477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they 'suggest. . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . or arguments that the submissions themselves do not "suggest, . . ." that we should not "excuse frivolous or vexatious filings by pro se litigants" . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally.'" (citations omitted)).

### B. Personal Involvement

Defendants contend that Ali has failed to establish that any of the individual defendants were personally involved in any of the alleged constitutional deprivations.

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may be considered "personally involved" if:

(1) [T]he defendant participated directly in the alleged constitutional violation;

4

  (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong;

  (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;

  (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or

  (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

Defendants Roy, Inspector General of DOCS, Fischer, Commissioner of DOCS, Fonda, Director of Operations for the Inspector General, Ercole, Superintendent of Green Haven, and Woods, Superintendent of Upstate, have all been named because of their supervisory capacities. None are alleged to have personally participated in any of the conduct giving rise to Ali's claims. However, a position in a hierarchical chain of command, without more, is insufficient to support a showing of personal involvement. Wright, 21 F.3d at 501. Thus, the individual defendants cannot be held liable solely because they held supervisory positions.

Additionally, there are no allegations that, any of these individuals were directly involved with the alleged constitutional violations. In fact, the only involvement Ali alleges is that by a non-party, corrections officer who was specifically motivated by revenge for Ali's prior grievances against him. Compl. at II(D). Moreover, there exists no allegation that any of these defendants created an unconstitutional policy or custom or were grossly negligent in supervising their subordinates.

5

Accordingly, defendants' motion on this ground should be granted.

### C. Eleventh Amendment

Ali sues the five individual defendants in both their individual and official capacities. Compl. He also sues the State of New York. Id.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979).

Therefore, Ali's claims against the State of New York are expressly barred by the Eleventh Amendment. Additionally, a suit against a state official in his or her official capacity is a suit against the entity that employs the official. Farid v. Smith, 850 F.2d 917, 921 (2d Cir. 1988)(citing Edelman v. Jordan, 415 U.S. 651, 663 (1974)). "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself," rendering the latter suit for

6

money damages barred even though asserted against the individual officer. Kentucky v. Graham, 473 U.S. 159, 166 (1985).  Here, Ali seeks monetary damages against defendants in their official capacities for acts occurring within the scope of their duties with DOCS. Thus, the Eleventh Amendment bar applies and serves to prohibit Ali's claim for monetary damages against the individual defendants in their official capacities.

Accordingly, it is recommended that defendants' motion be granted on this ground as well.

### D. Fourteenth Amendment

As a threshold matter, an inmate asserting a violation of his or her right to due process must establish the existence of a protected interest in life, liberty, or property. See Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001).  Thus, an inmate has a right not to be deprived of property without due process.  However, federal courts do not provide redress for the deprivation of property if there is an adequate state court remedy available to a plaintiff.  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  New York courts afford such a remedy through the initiation of an Article 78 proceeding.  See N.Y.C.P.L.R. §§ 7803, 7804; see also Locurto v. Safir, 264 F.3d 154, 174 (2d Cir. 2001) ("An Article 78 proceeding permits a petitioner to submit affidavits and other written evidence, and where a material issue of fact is raised, have a trial of the disputed issue, including constitutional claims.") (citations omitted); Campo v. New York City Employees' Ret. Sys., 843 F.2d 96, 101 (2d Cir. 1988) ("Article 78 . . . provides a summary proceeding which can be used to review administrative decisions.").  State law also provides that any individual, including an inmate, who seeks money damages against the State may commence an action for recovery only in

the New York State Court of Claims.  See N.Y. Corr. Law § 24(2).

In this case, Ali contends that he suffered a constitutional deprivation when his bags were confiscated and lost during transit for which he seek damages.  Compl. V.  First, however, the Article 78 procedure remains available to Ali.  Second, because Ali sues for damages, he must pursue his claims against New York State in the New York Court of Claims pursuant to Corrections Law § 24.  Thus, the proper venue to litigate these claims is in the state courts.  Additionally, to the extent that Ali's contentions can be construed to allege that further investigation should have been undertaken for his loss, those contentions are also without merit because an inmate enjoys no constitutional right to an internal investigation of any particular nature, extent, or duration.  See Carrasquillo v. City of New York, 324 F.Supp.2d 428, 438 (S.D.N.Y.2004) (holding that prisoners have "no constitutional or federal right to an investigation into . . . [an] accident, or to have his requests for an investigation answered").

Accordingly, defendants' motion should be granted on this ground as well.

### 3. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity.  Qualified immunity generally protects governmental officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003).  However, even if the constitutional privileges "are clearly established, a government actor may still be shielded by qualified immunity if it was objectively reasonable

8

for the . . . official to believe that his [or her] acts did not violate those rights." Smith v. City of Albany, No. 03-CV-1157, 2006 WL 839525 *16 (N.D.N.Y. Mar. 27, 2006) (quoting Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991); Magnotti v. Kuntz, 918 F.2d 364, 367 (2d Cir. 1990) (internal citations omitted)).

A court must first determine whether, if plaintiff's allegations are accepted as true, there would be a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights, of which a reasonable person would have known, were clearly established at the time of the alleged violation. Aiken, 236 F. Supp. 2d at 230. Here, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Ali's allegations as true, he has not shown that any individual defendant violated his constitutional rights.

Accordingly, it is recommended in the alternative that defendants' motion on this ground be granted.

### III.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that both defendants' motions to dismiss (Docket Nos. 17, 24) be **GRANTED** and Ali's complaint be **DISMISSED** as to all claims and all defendants.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 28, 2009
       Albany, New York

_____
United States Magistrate Judge